UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | (Motions Judge R.M. Collyer) |
| | : | |
| v. | : | Case No.  06-306-03 (TFH) |
| | : | Magistrate No. 06-410-01 |
| **CHRISTOPHER FLEMING,** | : | |
| Defendant. | : | Hearing Date: October 26, 2006 |

## GOVERNMENT'S SECOND MOTION REVIEW/APPEAL OF RELEASE

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to appeal and request review of the Magistrate Judge's decision releasing Defendant Fleming pending trial, denial of the Government's request for a detention hearing and for a stay of Defendant Fleming's release pending a hearing on the motion for review of the release order in Criminal Case Nos. 06-306-03 (TFH).  As a result, the Magistrate Judge denied the Government's motion for a detention hearing under 18 U.S.C. § 3142(f)(1)(C) and released defendant pending trial.  We ask this Court (1) to overturn this ruling; (2) to find that defendant is charged with a "detainable" offense, that is a crime for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten or more years; and, (3) to set this matter down for a detention hearing.  In support whereof, we submit as follows:  The record shows that no condition nor combination of conditions for defendant's release will reasonably assure the safety of

the community. Reform Act, 18 U.S.C. § 3142(f)(1)(C).[1] That law presumes that persons should be jailed pending trial when charged with the crimes for which defendants have been indicted.

This matter was called on Monday, October 23, 2006, before the Honorable Judge Rosemary M. Collyer, it was discovered that the Defendant Fleming had apparently been released to the custody of the authorities in Salisbury, Maryland. Upon a closer examination by the U.S. Attorney's Office it now appears that Defendant Fleming, based on a letter he wrote to the court in Salisbury, Maryland, in its District Court Case No. 4H38602, caused Judge Davis of that court to recall the bench warrant on October 18, 2006. Presently, Defendant Fleming is only required to appear for trial on December 12, 2006, at 1:00 p.m., according to the Salisbury Criminal Clerk's Office, Ms. Connie Hurley. D.C. Jail now reports that Defendant Fleming was released pursuant to Magistrate Judge Robinson's Order and that of Superior Court Judge Michael Rankin. So, apparently, Defendant Fleming is free to report on his own without restraint to his hearing, <u>inter alia,</u> on detention set for Thursday, October 26, 2006, at 9:30 a.m.

The undersigned AUSA will be on leave for the Thursday hearing but will be available via cellular telephone at (202) 353-5108. AUSA Donnell Turner will stand in and represent the interests of the United States. AUSA Turner can be contacted at Office No. (202) 305-1419 or Cellular No. (240) 463-4493. Therefore, the Government asks this Court to hold defendant without bail pending trial. In support whereof, we submit as follows:

---

[1] That motion was based on 18 U.S.C. § 3142(f)(1)(C), which authorizes pre-trial detention in any case involving a crime under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, carrying a maximum penalty of ten years or more in prison. All of the crimes charged in the indictment carry such penalties.

**ARGUMENT**

The Bail Reform Act of 1984, 18 U.S.C. sec. 3141 et seq. (Hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonable assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. sec. 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987). We submit, that Defendant Fleming also represents a risk of flight too based on his pending cases in foreign jurisdictions and the substantial penalty of incarceration in this case. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Accordingly, based on the clandestine nature of Defendant Fleming's substantial and long standing crimes we conclude and urge this Court to find that Defendant Fleming should be held without bond in this case.

**WHEREFORE**, the United States respectfully prays this Honorable Court to order Defendant held without bail pending trial..

    Respectfully submitted,

    JEFFERY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. BAR NO. 498-610


By: _____
    MARTIN DEE CARPENTER
    Assistant United States Attorney
    Organized Crime and Narcotics Trafficking Section

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 23rd day of October, 2006, to counsel for Defendant Fleming, Danielle Jahn, Esquire, by electronic filing and by Facsimile (202) 208-7501, and by electronic filing to:

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Brian K. McDaniel
Email:  kbmassociates@aol.com

Attorney Joanne D. Slaight
Email: jslaight@att.net

                                                _____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C.  20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov